## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## LANSING DIVISION

| | | |
|---|---|---|
| BRAD ROBISON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | No. 1:21-cv-978 |
| | ) | |
| NOBILIS CREDIT MANAGEMENT, | ) | |
| LLC, | ) | |
| | ) | |
|     Defendant. | ) | |

## <u>PLAINTIFF'S COMPLAINT</u>

Plaintiff, BRAD ROBISON, by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, NOBILIS CREDIT MANAGEMENT, LLC:

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Electronic Funds Transfer Act, 15 U.S.C.

3. § 1693 et seq. ("EFTA").

4. Count III of Plaintiff's Complaint is based on the Michigan Occupational Code, Mich. Comp. Law 339.901 et seq. ("MOC").

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

6. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

7. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9. Plaintiff is a natural person residing in the City of Lansing, Ingham County, State of Michigan.

10. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), 15 U.S.C § 1693a(6), and Mich. Comp. Law § 339.901(f).

11. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5)

and Mich. Comp. Law § 339.901(a).

12. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Mich. Comp. Law § 339.901(b).

13. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

14. Defendant is a collection agency located in the City of West Seneca, Erie County, State of New York.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

17. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

18. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

19. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by

telephone and facsimile.

20. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff.

22. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

23. In or around January 2021, Defendant began calling Plaintiff on his cellular telephone at xxx-xxx-6617, to collect the alleged debt.

24. In or around February 2021, Plaintiff answered one of Defendant's collection calls and spoke with a collector.

25. During the above-referenced conversation, Defendant's collector made threats of legal action by stating that if Plaintiff did not make payments on the alleged debt, then Defendant would have Plaintiff's wages garnished.

26. Based on the above-referenced conversation, Plaintiff felt as though he had no choice but to make payments because Plaintiff believed that Defendant would have his wages garnished.

4

27. Based on Defendant's above-referenced threats, Plaintiff agreed to make weekly payments of $31.05 and provided Defendant with his debit card information.

28. To date, Plaintiff has made the weekly payments for, at least, forty (40) weeks.

29. To date, Defendant has withdrawn $1,242.00 from Plaintiff's personal checking account.

30. Defendant did not obtain a written authorization from Plaintiff for the recurring payments from Plaintiff's personal checking account.

31. 15 U.S.C. § 1692g required that Defendant send the G-Notice to Plaintiff within five days after the initial communication with Plaintiff in January 2021.

32. Defendant never sent Plaintiff a G-Notice.

33. Defendant never intended to sue Plaintiff and garnish his wages.

34. Defendant successfully used the above-referenced scare tactics to coerce Plaintiff into entering a payment plan.

35. Defendant's collectors are or should be familiar with the FDCPA.

5

36. Defendant's collectors know or should know that the FDCPA prohibits third-party debt collectors from threatening wage garnishment in an attempt to collect a debt.

37. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

38. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

**COUNT I:**
**DEFENDANT VIOLATED**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

39. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant made empty threats of legal action to coerce Plaintiff into entering into a payment plan for the alleged debt;

   b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in all of the misconduct alleged herein;

   c. Defendant violated § 1692e(2)(A) of the FDCPA by its false

representation of the character and legal status of any debt, when Defendant called Plaintiff and stated that Defendant would garnish Plaintiff's wages if Plaintiff did not pay the alleged debt;

d. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action, when Defendant called Plaintiff and stated that Defendant would garnish Plaintiff's wages if Plaintiff did not pay the alleged debt;

e. Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant's collector created the false impression upon Plaintiff that Defendant would garnish Plaintiff's wages;;

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the misconduct alleged herein; and

g. Defendant violated § 1692g of the FDCPA by failing to provide the

disclosures required by this subsection.

WHEREFORE, Plaintiff BRAD ROBISON, respectfully requests judgment be entered against NOBILIS CREDIT MANAGEMENT, LLC, for the following

    a. Actual damages of $1,242.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

    b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

    c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

    d. Any other relief that this Honorable Court deems appropriate

## COUNT II:
## DEFENDANT VIOLATED
## THE ELECTRONIC FUND TRANSFER ACT

40. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

41. Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

42. Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term

"preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

43. Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer.  The person that obtains the authorization shall provide a copy to the consumer."

44. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." Id. at ¶10(b), comment 6.

45. In multiple instances, Defendant debited Plaintiff's bank account on a recurring basis without obtaining a written authorization signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

46. In multiple instances, Defendant debited Plaintiff's bank account on a recurring basis without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

WHEREFORE, Plaintiff, BRAD ROBISON, respectfully requests judgment be entered against Defendant, NOBILIS CREDIT MANAGEMENT, LLC, for the following:

47. Actual damages, in an amount to be determined a trial, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

48. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

49. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3); and

50. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
## DEFENDANT VIOLATED THE
## MICHIGAN OCCUPATIONAL CODE

51. Plaintiff repeats and re-alleges paragraphs 1-38 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the MOC including, but not limited to, the following:

   a. Defendant violated § 339.915(e) of the MOC by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt, when Defendant failed to provide Plaintiff with information about the debt and instead threatened Plaintiff with wage garnishment if Plaintiff did not pay the alleged debt; and

   b. Defendant violated § 339.915(f)(iii) of the MOC by communicating that nonpayment of the alleged debt would result in arrest or imprisonment, or the seizure, garnishment, attachment, or sale of property, when Defendant's collector threatened wage garnishment in order to coerce Plaintiff into paying the alleged debt.

   WHEREFORE, Plaintiff, BRAD ROBISON respectfully requests judgment be entered against Defendant, NOBILIS CREDIT MANAGEMENT, LLC, for the following:

   a. Actual damages, in an amount to be determined at trial, pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

b. Statutory damages of $150.00 pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2);

c. Costs and reasonable attorneys' fees pursuant to the Michigan Occupational Code, Mich. Comp. Law § 339.916(2); and

d. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

Date: November 18, 2021        AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
Michael S. Agruss
IL State Bar #: 6281600
Agruss Law Firm, LLC
4809 N. Ravenswood Avenue, Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorneys for Plaintiff